**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 12-cv-01472-CMA-MJW

PFC PAYMENT SOLUTIONS, LLC, a Colorado Limited Liability Company,
ADVANTAGE PAYMENT SOLUTIONS, LLC, a Texas Limited Liability Company, and
BRIAN SALAZAR,

    Plaintiffs,

v.

ELEMENT PAYMENT SERVICES, INC., a Nevada corporation,

    Defendant.

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

This matter is before the Court on the "Motion to Dismiss Based on a Forum Selection Clause, Lack of Personal Jurisdiction, and Failure to State a Claim," filed by Defendant Element Payment Services, Inc. ("Element"), on June 27, 2012. (Doc. #15.)[1] For the reasons that follow, the Court grants Element's motion.

### I. BACKGROUND

In 2005, Plaintiff PFC Payment Solutions, LLC ("PFC"), entered into an "Agent/ Reseller Agreement" ("the Agreement") with Element, a Nevada corporation that maintains its principal place of business in Arizona, under which PFC was authorized to sell Element's credit and debit card payment processing services to merchants.

---

[1] Plaintiffs responded to the motion on July 18, 2012 (Doc. # 21), and Element replied on August 1, 2012 (Doc. # 24).

(Doc. ## 15 at 2-3; 21 at 2.) The Agreement contains the following provision, which the parties (and, accordingly, the Court) refer to as a "Forum Selection Clause":

> <u>Jurisdiction; Venue; Governing Law.</u> Jurisdiction and venue for any claim or cause of action arising under this Agreement shall be exclusively in the state courts located in the County of Maricopa and this Agreement shall be governed and construed in accordance with the laws of the state of Arizona.

(Doc. # 15-1.)

Under the Agreement, PFC earned income for each merchant it signed up to use Element's services. (Docs. ## 15 at 3; 21 at 2.) PFC entered into separate agreements with independent sales agents, including Plaintiffs Brian Salazar and Advantage Payment Solutions, LLC ("Advantage"). (*Id.*) Salazar and Advantage "located and signed up merchants for [PFC], which in turn signed up those merchants for payment processing with Element." (Doc. # 21 at 2.) After receiving its income from Element, PFC would pay Salazar and Advantage for their efforts. (*Id.*)

In December, 2011, Element began withholding payments to PFC for what it characterized as a breach by PFC of the Agreement's non-solicitation provisions. (Doc. ## 15 at 3-4; 21 at 3.) Consequently, PFC terminated payments of income owed to Salazar and Advantage. (Doc. # 21 at 3.) On May 16, 2012, Plaintiffs initiated this action in Colorado state court. (Doc. ## 15 at 4; 21 at 1.) Element removed it to this Court, pursuant to 28 U.S.C. § 1441, on June 6, 2012. (*Id.*)

## II. DISCUSSION

Element first contends that the Court should dismiss Plaintiffs' Complaint "under Federal Rule of Civil Procedure 12(b)(3) for improper venue because the case was brought in Colorado in violation of a forum selection clause requiring any action or proceeding to be brought in Arizona." (Doc. # 15 at 1.) The Court agrees that the Forum Selection Clause applies and dictates where Plaintiffs must bring their claims.

### A.   ENFORCING FORUM SELECTION CLAUSES UNDER RULE 12(B)(3)

Before discussing the applicability of the Forum Selection Clause, the Court addresses Plaintiffs' threshold argument that Element's motion is inapposite because, under 28 U.S.C. § 1441, venue is not "improper" in this Court. Plaintiffs reason that, according to § 1441, the proper venue of a removed action is "the district court of the United States for the district and division embracing the place where such action is pending." (Doc. # 21 at 4-5.) *See* 28 U.S.C. § 1441; *Polizzi v. Cowles Magazines, Inc.*, 345 U.S. 663, 665 (1953). Because the district where this Court sits embraces the Colorado state court in which this action was pending, then, according to Plaintiffs, venue is proper here under the statute.

Plaintiffs' argument reflects one side of a split among the courts of appeal as to whether a forum selection clause that mandates venue elsewhere "can render venue improper in the original district even when the case otherwise could have been brought in that district under the applicable venue statutes." 14D Charles Wright, Arthur Miller & Edward Cooper, *Federal Practice and Procedure* § 3803.1 (3d ed.); *see also, e.g.*,

*Kerobo v. Southwestern Clean Fuels, Corp.*, 285 F.3d 531, 534-35 (6th Cir. 2002) ("We recognize that the circuits are not in agreement about whether a claim that an action is filed in a forum other than that designated in a contract's forum selection clause may be raised in a Rule 12(b)(3) motion. [. . .] In essence, the difference of opinion centers around whether the parties' contractual designation of forum can render the venue dictated by statue 'improper.'"). Plaintiffs, in agreement with those courts that, in removal cases, "routinely deny" motions to dismiss for improper venue based on forum selection clauses, insist that Element's motion "must be denied." (Doc. # 21 at 5-6.)

The problem for Plaintiffs, however, is that the Tenth Circuit has come down on the other side of the Circuit split. *See, e.g.*, *Federal Practice and Procedure* § 3803.1 ("A larger number of the courts of appeal, including the Seventh, Ninth, Tenth, and Eleventh Circuits . . . have held that a valid forum selection clause can render venue in the original forum improper; these courts enforce valid clauses under Section 1406(a) or a Rule 12(b)(3) motion to dismiss for improper venue."). In this Circuit, "[a] motion to dismiss based on a forum selection clause frequently is analyzed as a motion to dismiss for improper venue under Fed. R. Civ. P. 12(b)(3)." *K & V Scientific Co., Inc. v. Bayerische Motoren Werke Aktiengesellschaft*, 314 F.3d 494, 497 (10th Cir. 2002); *Riley v. Kingsley Underwriting Agencies, Ltd.*, 969 F.2d 953, 956 (10th Cir. 1992);

*ADT Sec. Servs., Inc. v. Apex Alarm, LLC*, 430 F. Supp. 2d 1199, 1201 (D. Colo. 2006). As such, Element's motion is proper.[2]

## B.    VALIDITY OF FORUM SELECTION CLAUSE AS TO PFC

Forum selection clauses are "'prima facie valid and should be enforced unless enforcement is shown by the resisting party to be 'unreasonable' under the circumstances." *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10 (1972); *Riley*, 969 F.2d at 957 (citing *M/S Bremen* and noting that "a party resisting enforcement [of a forum selection provision] carries a heavy burden of showing that the provision itself is invalid due to fraud or overreaching or that enforcement would be unreasonable and unjust under the circumstances").

In the instant case, PFC has not met – and, in fact, has not attempted to meet – its burden of demonstrating that the parties' choice of venue in the Agreement's Forum Selection Clause was unreasonable. This failure alone is enough for the Court to enforce the Forum Selection Clause. Additionally, however, the Court agrees with Element's argument that venue in Arizona is reasonable because: (1) Element has its

---

[2] The Court notes that even those Circuits, which preclude a removing defendant from getting a case dismissed under Rule 12(b)(3) based on a forum selection clause, are not opposed to enforcing such a clause. Rather, they just utilize other methods. *See, e.g.*, *Federal Practice and Procedure* § 3803.1 (explaining that the First, Second, and Third Circuits adhere to the position that "a forum selection clause does not render venue improper in an otherwise proper forum and that a valid clause should be enforced by either a Section 1404(a) transfer or a Rule 12(b)(6) motion to dismiss for failure to state a claim"). In a certain sense, then, the Circuit split can be characterized as reflecting a distinction without a difference. For this reason, the Court agrees with Element that denying a party's motion to have a valid forum selection clause enforced because the motion was brought under the wrong provision would elevate form over substance.

principal place of business there; (2) the Agreement is to be interpreted according to Arizona law in which, naturally, Arizona courts have an expertise; and (3) several key witnesses and documents are located there.  (*See* Doc. # 15 at 5.)  Accordingly, requiring PFC to litigate this case in a state court in Maricopa County, Arizona, as required by the Agreement, is not unreasonable under the circumstances.

## C.  APPLICATION OF FORUM SELECTION CLAUSE TO SALAZAR AND ADVANTAGE

Element further asserts, and the Court agrees, that Salazar and Advantage are subject to the Agreement's Forum Selection Clause because their claims "are derivative of, and therefore closely related to, PFC's claim that Element has illegally cut off PFC's residual income."  (*Id.* at 7.)

Non-signatories to a contract are subject to its valid forum selection clause if they, or the claims they bring, are "closely related to the contractual relationship." *Manetti-Farrow, Inc. v. Gucci America, Inc.*, 858 F.2d 509, 514 n.5 (9th Cir. 1988) (quoting *Clinton v. Janger*, 583 F. Supp. 284, 290 (N.D. Ill. 1984), for the proposition that "a range of transaction participants, parties and non-parties, should benefit from and be subject to forum selection clauses"); *see also Gross v. Silverberg*, No. 10-cv-00687, 2010 WL 5147594, at *3 n.4 (D. Colo. Dec. 13, 2010) (unpublished) ("Plaintiffs do not dispute defendants' arguments that defendants who were not signatories to the notes are entitled to the benefit of the forum selection clauses therein.  Nor could they.").

In the instant case, Plaintiffs do not dispute Element's assertion that Salazar's and Advantage's claims are derivative of and, thus, closely related to, the contractual relationship PFC entered into with Element. In fact, in their Complaint Plaintiffs assert that:

- "As a result of Element's withholding of Residual Income owed to [PFC], Element has also unilaterally terminated payments of residual compensation owed to Brian Salazar, Advantage and other independent contractors/salespeople who signed up merchants for payment processing with Element through [PFC]."

- "Element is improperly and without authorization or basis in law exercising dominion, control and custody over funds owed as residuals each month to [PFC], Advantage and Brian Salazar, which is personal property that legally belongs to Plaintiffs."

  - and -

- "Element has intentionally and improperly interfered with the business relationships and/or contracts between [PFC] and Brian Salazar, Advantage and other independent contractors/salespeople by unilaterally and wrongfully terminating payments of Residual Income owed to [PFC], thereby preventing [PFC] from paying and causing Brian Salazar, Advantage and other independent contractors/salespeople to be deprived of residual compensation owed by [PFC] through Element."

7

(Doc. # 1-2 at 5, 7, 8-9.)  Moreover, Plaintiffs admit that "all Plaintiffs' claims arise out of the same common nucleus of operative facts."  (Doc. # 21 at 10.)

Plaintiffs' arguments do not require a contrary conclusion.  Plaintiffs assert that *Manetti-Farrow* and other such cases, in which non-signatories are subjected to a forum selection clause, evince an "overriding concern to prevent a contracting party from escaping contractual obligations which he bargained for and/or agreed upon."  (Doc. # 21 at 8.)  While it is true that neither Salazar nor Advantage bargained for the Forum Selection Clause, PFC did, and allowing PFC to piggyback off of Salazar and Advantage would substantially undermine the "overriding concern" Plaintiffs acknowledge.  Moreover, that neither Salazar nor Advantage bargained for the Forum Selection Clause does not answer the question of whether it applies to them because, having later entered into an agreement with PFC, Salazar and Advantage were on notice of the Agreement PFC had with Element, including the Forum Selection Clause.  *Cf. Riley*, 969 F.2d at 958 (discussing how "lack of notice" could "be sufficient to defeat a contractual forum selection clause").

Further, allowing the claims of Salazar and Advantage to go forward here – with PFC presumably litigating its claims in an Arizona state court – would be inefficient and would run the risk of inconsistent rulings.  Plaintiffs assert that this problem could be solved by the Court exercising the doctrine of "pendent venue."  (Doc. # 21 at 10.)  *See, e.g.*, *C.H. James & Co., Inc. v. Federal Food Marketers Co.*, 927 F. Supp. 187, 189 (S.D.W.Va. 1996) ("Under this theory, federal courts may exercise their discretion

to hear claims as to which venue is lacking if those claims arise out of a common nucleus of operative fact with claims as to which venue is proper." (quotation marks, alterations, and citations omitted)). However, doing so here would be inappropriate for two reasons. First, as previously discussed, Salazar and Advantage are subject to the Forum Selection Clause because their claims are closely related to the contractual relationship between PFC and Element. Second, Plaintiffs cite no case, nor is the Court aware of one, in which any court in the Tenth Circuit has acknowledged, let alone applied, the doctrine of pendent venue.

Accordingly, Element is entitled to have the Forum Selection Clause enforced as to Salazar and Advantage, in addition to PFC.[3]

### III. CONCLUSION

For the foregoing reasons, it is ORDERED that Element's "Motion to Dismiss Based on a Forum Selection Clause, Lack of Personal Jurisdiction, and Failure to State a Claim" (Doc. #15) be GRANTED. It is

FURTHER ORDERED that, in light of the instant Order, Element's "Motion for Expedited Consideration of Its Motion to Dismiss Based on a Forum Selection Clause, Lack of Personal Jurisdiction, and Failure to State a Claim" (Doc. # 20) be DENIED AS MOOT. Accordingly, it is

---

[3] Having granted Element's motion based on the Forum Selection Clause, the Court declines to consider the remaining arguments Element raises in its motion.

FURTHER ORDERED that Plaintiffs' Complaint is DISMISSED. It is

FURTHER ORDERED that the Status Conference set for September 4, 2012, before Magistrate Judge Watanabe is VACATED. It is

FURTHER ORDERED that Element shall have its costs by the filing of a Bill of Costs with the Clerk of the Court within 14 days of the entry of judgment. However, each party shall bear its own attorneys' fees.

DATED: August __10__, 2012

BY THE COURT:

*Christine M Arguello*
_____
CHRISTINE M. ARGUELLO
United States District Judge